IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                             **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO: 1:13CV254 HSO-RHW**

**JOHN DOE(S) AKA "RANDALL CAJUN"**                             **DEFENDANTS**

---

**BRIEF OF CHARLES LEARY AND VAUGHAN PERRET
IN SUPPORT OF THEIR MOTION TO DISMISS**

---

I.

INTRODUCTION

On May 17, 2013, Plaintiff Douglas Handshoe filed his *pro se* "Complaint for Pre-petition Discovery" against "John Doe(s) AKA 'Randall Cajun'".[1] While Mr. Handshoe did not name Charles Leary ("Leary") or Vaughan Perret ("Perret") as Defendants, he served both of them with the Summons and Complaint on June 4, 2013 in Nova Scotia Canada. See Affidavit of Charles Leary and Vaughan Perret attached hereto as Appendix 1. Mr. Handshoe alleges that his Complaint is being brought pursuant to "26 Mississippi Civil Procedure" which appears to be a reference to Mississippi Rule of Civil Procedure 26. In any event, the Mississippi Rules of

---

[1] On May 21, 2013 he filed another Complaint in the Circuit Court of Hancock County, Mississippi styled *Douglas Handshoe v. Aaron F. Broussard, Daniel Abel, Charles Leary, Vaughn Perret, Chris Yount, Trout Point Lodge Limited, Nova Scotia Enterprises, LLC* which was removed to this Court and is now Civil Action 1:13cv 251 LG-JMR. Leary, Perret and Trout Point have filed a Rule 12(b) motion in that case as well.

{GP016601.1}
2673802.1/15433.26273

Civil Procedure, including Rule 26, do not provide for a party such as Mr. Handshoe to file a "Complaint for Pre-petition Discovery".

In his Complaint, Mr. Handshoe alleges that anonymous persons using the name "Randall Cajun" posted defamatory blogs about him and others. Complaint, ¶ 4.

Mr. Handshoe alleges that he does not know Randall Cajun's true identity and therefore cannot bring the defamation suit. Complaint, ¶ 5. Mr. Handshoe's Complaint makes allegations about several Randall Cajun blogs. Complaint, ¶¶ 6-12.

While Mr. Handshoe suspects Randall Cajun's true identity to be one or more of the owners of Trout Point Lodge, he claims he needs discovery in order to learn Randall Cajun's true identity. Complaint, ¶ 5. At paragraphs 19 through 21 of his Complaint, Mr. Handshoe requests the Court to enter an order to do the following three things to assist him in learning the true identity of Randall Cajun:

"19.   A court order compelling Google, Inc., owner of blogger.com, web host for Real-Mailice.blogspot.ca to reveal the IP addresses of all contributors to the weblog.

20.   Issue a subsequent court order(s) to the internet service providers used by Randall Cajun to post the defamatory content in order to ascertain his identity to properly file suit.

21.   Issue subpoenas as appropriate in the circumstances."

II.

THE MISSISSIPPI RULES OF CIVIL PROCEDURE DO NOT
PROVIDE A CAUSE OF ACTION FOR "PRE-SUIT DISCOVERY".

In the preamble of his Complaint, Mr. Handshoe alleges that pursuant to Mississippi Rule of Civil Procedure 26 he is entitled to conduct discovery before filing a defamation claim or claims against the true identity or identities of "Randall Cajun". The Mississippi Rules of Civil Procedure provide Mr. Handshoe with no such remedy. In pertinent part, Mississippi Rule of

Civil Procedure 26(b)(1) provides: "Parties may obtain discovery regarding any matter, not privileged, which is **relevant to the issues raised by the claims or defenses of any party**." (Emphasis added.) Clearly Mississippi Rule of Civil Procedure 26 is directed at discovery in pending litigation rather than directed to discovery prior to litigation.

While Mr. Handshoe alleges he is bringing his "Complaint for Pre-petition Discovery" pursuant to Mississippi Rule of Civil Procedure 26, he may instead be referring to Mississippi Rule of Civil Procedure 27. If so, his reliance is still misplaced.

Mississippi Rule of Civil Procedure 27 provides a person with the means by which to perpetuate testimony (as opposed to discovery) prior to litigation. Mississippi Rule of Civil Procedure 27(a) provides:

> (a)  Before Action
>
> (1)  *Petition*. A person who desires to **perpetuate his own testimony or that of another persons** regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit or chancery court **in the county of the residence of any expected adverse party.** The petition shall be entitled in the name of the petitioner and shall show:  (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought,  (2)  the subject matter of the expected action and his interest therein,  (3)  the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it,  (4) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (5)  the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

(Emphasis added.)

Cleary if Mr. Handshoe was relying on Rule 27 to conduct his "Pre-petition Discovery", Mississippi Rule of Civil Procedure 27 does not afford him that privilege. His Complaint failed to allege (and cannot realistically allege) the existence of the Rule 27 prerequisites set forth above.

Furthermore, Leary and Perret are Canadian residents being sued in Mississippi in violation of the Rule. See Affidavit of Leary and Perret attached to this brief as Appendix 1.

III.

THE COURT LACKS PERSONAL JURISDICTION OVER
DEFENDANTS LEARY, PERRET AND TROUT POINT.

Plaintiff Handshoe has brought the latest litigation against "Randall Cajun" alleging the Court has personal jurisdiction pursuant to Mississippi's long-arm statute at § 13-3-57 Mississippi Code.[2]

Under Mississippi's long-arm statute, courts of this state may exercise personal jurisdiction over a non-resident defendant if the defendant has entered a contract with a Mississippi resident to be performed in Mississippi, or has committed a tort in Mississippi, or is conducting business in Mississippi. *Cypress Pharmaceutical, Inc. v. Tiber Laboratories, LLC,* 504 F. Supp. 2d 129 (S.D. Miss. 2007).

> The general requirements for jurisdiction under the "doing business prong" of the Mississippi long-arm statute are that: '(1) the nonresident… must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." *Internet Doorway, Inc. v. Parks,* 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001) (citing *Gross v. Chevrolet Country, Inc.,* 655 So. 2d 873, 877 (Miss. 1995)). Under the statute, one is "deemed to be doing business" if he "perform[s] any character work or service in this state." Miss. Code Ann. § 13-3-57. *See Coats v. Penrod Drilling Corp.,* 5 F. 3d 877, 882 (5th Cir. 1993). The Mississippi Supreme Court has further defined the term to include doing "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *Coats,* 5 F. 3d at 882 (citing *McDaniel v. Ritter,* 556 So. 2d 303, 309 (Miss. 1989)).

*Cypress Pharmaceutical,* 133.

---

[2] The Complaint does not name Leary and Perret as Defendants, but at Paragraph 5 it alleges that "Randall Cajun is one or more of the owners of Trout point Lodge in Canada …." In fact, Leary and Perret are the only owners of the Canadian corporation, Trout Point Lodge Limited. See Affidavit of Leary and Perret at Appendix 1.

See also *Palmer v. Ocean Club at Biloxi, Ltd.,* 208 WL 493, 404-5 Note 4 (S.D. Miss. 2008) quoting with approval *Breckenridge Pharmaceutical, Inc., v. Metabolite Laboratories, Inc.,* 444 F. 3d 1356, 1363 (Fed.Cir. 2006) and citing with approval *Guidry v. United States Tobacco Co.,* 188 F. 3d 619 (5th Cir. 1999). The answers to all three due process inquiries are in the negative as will be developed in this brief.

As set forth in the attached Affidavit of Leary and Perret neither Trout Point nor they have conducted business in Mississippi. They have neither committed a tort in whole or in part in Mississippi, nor have they either entered into or breached a contract in whole or in part in Mississippi. Their only contact with Mississippi was for their undersigned attorney to enroll their $427,000.00 defamation judgment obtained in Nova Scotia, Canada against Mr. Handshoe in the Hancock County, Mississippi Circuit Court Clerk's office. They instituted no litigation here. Instead, it was Mr. Handshoe who in *Trout Point Lodge, Limited, A Nova Scotia Limited Company; Vaughn Perret and Charles Leary v. Doug K. Handshoe*, Civil Action No: 1:12cv00090 LG-JMR removed the enrollment of the Canadian judgment to this Court and who in *Slabbed New Media, LLC and Douglas Handshoe v. Trout Point, Charles Leary and Vaughn Perret* Civil Action No: 1:12cv00038 HSO-RHW commenced litigation. The first of these two actions ultimately terminated in this Court with summary judgment in favor of Mr. Handshoe. Thereafter, Leary, Perret and Trout Point appealed that decision to the Fifth Circuit Court of Appeals where it is now set for oral argument August 6, 2013  The second action was voluntarily dismissed by Mr. Handshoe on April 27, 2012.

Both of those actions dealt only with the Canadian defamation judgment in favor of Leary, Perret and Trout Point. The facts in this instant case have nothing to do with the facts of the Nova Scotia defamation judgment in favor of Leary, Perret and Trout Point. Even if it were

otherwise, Mr. Handshoe is now bound by the doctrines of *res judicata* and collateral estoppel in the Canadian proceeding. If he had some other claim in Canada, he should have made it there, but instead he chose not to even appear much less make a claim. He is therefore forever barred from relitigating any of the facts or issues in the Canadian defamation judgment, including his cryptic claim in the instant litigation he says somehow involves the Canadian defamation litigation.

As to the first prong of the due process inquiry, Leary, Perret and Trout Point enrolled their Canadian defamation judgment in the Mississippi state court pursuant to Mississippi's Uniform Enforcement of Foreign Judgments (§ 11-7-301 *et. seq.* Mississippi Code). That legislation recognizes a Canadian judgment is to be treated "in the same manner as the judgment of a circuit court of any county in this state" and "maybe enforced or satisfied in like manner". §11-7-303 Mississippi Code. Alternatively, Mississippi's Uniform Enforcement of Foreign Judgments also recognizes the right of the judgment creditor to file suit to enforce his judgment instead of the foreign judgment creditor or its attorney enrolling the judgment. §§11-7-305 and 11-7-309 Mississippi Code. Leary, Perret and Trout Point chose the former option and did not bring suit to enforce the judgment. They merely enrolled the Canadian judgment by furnishing the statutorily required affidavit and copy of the judgment. §11-7-305 Mississippi Code.

As to the second prong of the due process inquiry, the claims Handshoe has against Leary, Perret and Trout Point do not arise out of their Canadian defamation litigation and judgment. It is legally impossible for that to be the case now since Mr. Handshoe is now foreclosed under *res judicata* and collateral estoppel from bringing any claim which he could or should have brought in the Canada litigation in which he failed to make an appearance and in which default judgment was entered against him. In any event, the facts of the Canadian

defamation litigation and judgment are not connected to the facts of the case Mr. Handshoe now brings against the Defendants here.  The facts underlying the Canadian judgment dealt only with a defamation claim against Handshoe.

As to the third prong of the due process inquiry, to say that enrollment of the defamation judgment in Mississippi, which pursuant to the Uniform Enforcement of Foreign Judgments legislation is recognized, submits the judgment creditor to the jurisdiction of Mississippi courts on wholly unrelated claims must obviously offend traditional notions of fair play and substantial justice.

It bears repetition that the only contact by Leary, Perret and Trout Point with Mississippi was that their attorney enrolled the Canadian defamation judgment in the Hancock County Circuit Clerk's office.  By virtue of Mississippi's Uniform Enforcement of Foreign Judgments, the enrollment was not the commencement of litigation, but assuming *arguendo* that it was, that act alone still did not confer personal jurisdiction on the Mississippi courts.  Filing a lawsuit confers personal jurisdiction on the Mississippi courts only where the facts arise from the same series of events as another or prior lawsuit.  *General Contracting & Trading Co., LLC v. Interpole, Inc.,* 940 F. 2d 20, 24 (1st Cir. 1991) relying on *Adam v. Saegner,* 303 U.S. 59, 67-68, 58 S. Ct. 454, 458 (1938); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775-77, 104 S. Ct. 1473, 1478-79 (1984); and *Lyman Steel Corp. v. Ferrostaal Metals,* 747, F.Supp 389, 396-97 (ND. Ohio 1990).   Handshoe's claims against Leary, Perret and Trout Point in the instant litigation cannot legally arise from the Nova Scotia defamation case which terminated with a $427,000.00 judgment against Handshoe.  To hold that Leary, Perret and Trout Point's enrolling their Canadian judgment in Mississippi put them on notice Handshoe could sue them on unrelated facts and have a Mississippi court exercise personal jurisdiction over them on facts

unrelated to the defamation judgment would offend traditional notions of fair play and substantial justice prohibited by *Cypress Pharamceuticals* and it progeny.

## CONCLUSION

In this diversity suit, the court should look to the law of Mississippi to determine that Mr. Handshoe cannot conduct his "Complaint for Pre-petition Discovery" fishing expedition pursuant to any Mississippi Rule of Civil Procedure, particularly Rules 26 and 27. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint therefore fails to state a claim upon which relief can be granted. The Complaint should be dismissed.

Additionally Mr. Handshoe did not name either Leary or Perret as a Defendant, but he served them both with Summons and Complaint as if they were so named. As a matter of law, no claim has therefore been stated against Leary or Perret pursuant to Rule 12(b)(6) for that reason as well.

Lastly, Leary and Perret's only contact with Mississippi was to enroll their Canadian defamation judgment in a Mississippi state court which does not constitute sufficient minimum contacts with Mississippi. The Complaint should therefore be dismissed pursuant to Rule 12(b)(2).

RESPECTFULLY SUBMITTED this the 17th day of July, 2013.

                                                 CHARLES LEARY and VAUGHAN PERRET

                                      By:    s/ Henry Laird
                                                       Henry Laird, MS Bar No. 1774

## CERTIFICATE OF SERVICE

   I, Henry Laird, of the law firm of Jones Walker LLP do hereby certify that I have sent a true and correct copy of the foregoing Brief in Support of Motion to Dismiss by using the ECF system to the following:

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, Mississippi  39520
VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

Nova Scotia Enterprises, LLC
c/o Roland J. Vega
3329 Florida Avenue
Kenner, LA  70065

Chris Yount
160 Metairie Lawn Drive
Metairie, LA  70001

Daniel G. Abel
2421 Clearview Parkway
Legal Department, Suite 106
Metairie, LA  70001

This the 17th  day of July, 2013.

                                                s/  Henry Laird
                                                Henry Laird

Henry Laird (MSB No. 1774)
Email:  hlaird@joneswalker.com
JONES WALKER LLP
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS  39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516