Attachment 2

# TROUT POINT LODGE, LIMITED

(902) 761-2142
(800) 980-0713

| To: | Douglas K. Handshoe | From: | Charles Leary |
|---|---|---|---|
| Fax: | (601) 928-5129 | Date: | 6/14/2013 9:40 AM |
| Phone: |  | Re: | Yar No 411345 |

Comments

If there is any problem with this transmission, please call Charles Leary at 902-761-2142.

# facsimile

Trout Point Lodge
Charles Leary
Vaughan Perret
P.O. Box 456
Kemptville, NS B0W 1Y0


June 14, 2013


Winnie Surette
Judicial Assistant to Justice Muise
Supreme Court of Nova Scotia
Yarmouth, Nova Scotia

Re: Yar No. 411345 Trout Point Lodge et. al. v. Handshoe

Dear Ms. Surette:

I am in receipt of faxed correspondence of today's date from Respondent Handshoe regarding the above captioned matter.

The Applicants are not sure how Justice Muise will want to deal with this turn of events. Mr. Handshoe now states that he will not be filing scheduled motions, nor appearing on June 20, 2013, and apparently somehow believes that he can have our Application for copyright infringement heard in the U.S. District Court for the Southern District of Mississippi.

It is true that on June 4, 2013, Applicants voluntarily accepted service of Summons issued by the Circuit Court of Hancock County Mississippi, by appointment with a process server in Yarmouth. The Plaintiff is Mr. Handshoe. Our Mississippi attorney, who is also in charge of seeking to enforce Justice Hood's money judgment against Mr. Handshoe (now before the U.S. Fifth Circuit Court of Appeal), removed 2 of Handshoe's actions to federal court.

A letter also arrived yesterday from a Nova Scotia attorney—whom we do no know—who has reportedly also been sued by Mr. Handshoe in Hancock County for alleged conspiracy with us for writing a straightforward, factual legal summary of Justice Hood's released decision, which Mr. Handshoe alleges is defamatory.

Summons were issued by Hancock County on 2 matters, one being an action for pre-suit discovery against a fictitious person, but for which Mr. Handshoe had issued court-stamped Summons to Vaughn Perret and myself.

In the U.S. judicial system, if there is complete diversity of jurisdiction between plaintiffs and defendants, given a certain dollar value of potential damages, one can remove any action to the federal district courts. Our attorney, Henry Laird, thus removed the pre-trial discovery action to federal court and will be seeking a complete dismissal with prejudice. Mr. Perret and I were not named defendants, however we were issued Summons, creating the necessity to answer in some way, shape, or form.

Mr. Handshoe is once again misrepresenting underlying sources and documents to his own ends.

Notably, each interaction with the court in the United States and in Nova Scotia results in publication of these materials on Slabbed, including correspondence with the court.

Finally, in spite of Mr. Handshoe's repeated assertions to the contrary, Applicants have never brought their copyright infringement Application under United States law, but only the Copyright Act of Canada. The U.S. Digital Millennium Copyright Act take down notices Mr. Handshoe tirelessly refers to provide safe harbour protections for Internet Service Providers, is a format required by them, and has nothing to do with copyright infringers. Use of such notices does not bind anyone to U.S. law, and as the copyrights and the telecommunications involved here were Canadian, Applicants are proceeding under Canadian law.

Applicants believe today's move by Mr. Handshoe is yet another tactic for delay, and a use of the court systems in two countries in order to provide fodder for further harassment and defamatory attacks on Slabbed.

It appears to the Applicants that Mr. Handshoe's letter is stating that he is intentionally not going to follow yesterday's directions, will not attend the hearing, and will be intentionally engaging in the equivalent of default, as he did in the 2011 defamation action against him.

If this is the case, the Applicants would like to reserve the June 20, 2013, date and time for hearing a motion on directions, and if Mr. Handshoe is absent, proceed with a hearing on summary disposal of the Application in the Applicants' favour and scheduling a hearing on damages and injunctive relief.

Sincerely,

Charles L. Leary

cc: Douglas K. Handshoe, by facsimile