IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 31 2013
J T NOBLIN CLERK
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
v. ) Civil Action No.1:13cv254-HSO-RHW
)
JOHN DOE(S) AKA "RANDALL CAJUN" )
)

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS FOR A LACK OF PERSONAL JURISDICTION

INTRODUCTION

1.

Plaintiff has been the victim of an ongoing civil conspiracy to deprive he and his media company of their rights guaranteed under Article 3, Section 13 of the Mississippi Constitution as well as the First Amendment to the United States Constitution via multiple, vexatious, meritless Strategic Lawsuit Against Public Participation and Copyright Actions filed in 2 states and 1 foreign country. This civil conspiracy includes the publication of a defamation blog at www.real-malice.blogspot.ca that defames would be plaintiff and others that were instrumental in exposing the corrupt activities of Aaron Broussard and certain businessmen that either bribed Broussard or participated in his illegal activities.

2.

This instant case was removed from the Circuit Court of Hancock County Mississippi by defendants Leary and Perret without the known consent of every potential defendant as those defendants have not yet been determined in totality.

Upon knowledge and belief Plaintiff avers a strong possibly exists other potential defendants beyond the three persons that were served this complaint could be revealed including Aaron Broussard, as the defamatory material was published almost completely before he began his term of incarceration at the United States Penitentiary at Butner North Carolina.

Defendants motions and memoranda to dismiss this instant action for lack of personal jurisdiction and for failure to state a claim under Rule 12(b)(6) betrays a lack of reading comprehension regarding the relief requested by Plaintiff under Mississippi Rules of Civil Procedure and must fail for the following reasons:

## MISSISSIPPI RULES OF CIVIL PROCEDURE EXPRESSLY ALLOW FOR PRE-PETITION / PRE-SUIT DISCOVERY UNDER RULE 26(B)(3)

3.

Anticipated defendants Leary and Perret build a MSRCP and FRCP Rule 27 straw man argument which they then pick apart. Anticipated defendants Leary and Perret fail to mention Mississippi Rules of Civil Procedure 26(b)(3) which states (***emphasis added***):

> (3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and ***prepared in anticipation of litigation*** or for trial by or for another party or by or for that other party's representative (including that party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of that party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Anticipated Plaintiff's pleading filed with the Circuit Court of Hancock County Mississippi met the standards of Mississippi and federal jurisprudence including a statement of claim sufficient enough to establish the claims of defamation at the heart of the instant litigation.

Additionally the information required to positively identify the author(s)/publisher(s) of the defamatory material can only be obtained by a court action which results in appropriate orders or allows for the issuance of subpoenas. Mississippi expressly, under its rules of Civil Procedure allows this type of suit and in the case of anonymous internet bloggers publishing defamatory material is a necessary first step to drafting a proper defamation lawsuit.[1][2]

---

[1] A cursory Google of the search string "presuit discovery defamation" reveals that Mississippi's remedy to anonymous defamatory internet postings under Rule 26(b)(3) follows the national norm of allowing John Doe lawsuits to identify anonymous defamers in order to allow the defamed to draft a proper cause of action.

[2] Worth noting is counsel for Louisiana Landfill Magnet Fred Heebe used this same process to out former assistant US Attorney Sal Perricone for allegedly defaming Heebe, then a subject of an active Federal Investigation to which Mr. Perricone was assigned. In that case Mr. Perricone manned up and admitted his involvement in commenting on Mr. Heebe on NOLA.com in the interest of the expedient administration of the Louisiana justice system. As of this date anticipated defendants Leary and Perret have failed to similarly man up to their actions.

## THE CIRCUIT COURT OF HANCOCK COUNTY CLEARLY HAS PERSONAL JURISDICTION OVER ANONYMOUS DEFAMERS HIDING BEHIND THE INTERNET MONIKER RANDALL CAJUN

4.

*Edwards v. Associated Press*, 512 F.2d 258 (Cir. 5th 1975) is the landmark Mississippi case regarding the personal jurisdiction of Mississippi Courts over out of state defamation defendants under the Mississippi Long Arm Statute.

The defamatory communications contained on the Real-Malice Blog are hosted by Blogger, a subsidiary of Google of Menlo Park California were clearly intended to inflict injury and harm to the Plaintiff's CPA practice in Mississippi, which employs multiple contract workers and salaried employees, Mississippi residents all. The subject matter of the defamatory material on Real-Malice deals with Plaintiff's professional involvement as a practicing CPA with a person that was a federal criminal defendant at the time Plaintiff's services were engaged by said federal criminal defendant.[3] The subject matter leaves no doubt as to the intent of the defamatory posts, which were read by Mississippi residents that contacted Plaintiff concerned about the dissemination of the defamatory material on the internet by the anonymous blogger Randall Cajun.[4]

In Edwards, which dealt with an allegedly defamatory story disseminated by the Associated Press, the court held:

> Since the long-arm statute embraces torts committed in whole or in part in Mississippi, its plain language encompasses at least that part of the enlarged tort created by the distribution of the allegedly defamatory matter in Mississippi.
>
> Our unwillingness to cramp the statutory language is buttressed by the Mississippi Supreme Court's decision in Smith v. Temco, Inc., supra, 252 So.2d 212, upon which we again place strong reliance:
>
>> In 86 C.J.S. Torts s 21, p. 937 (1954), it is stated:
>>
>> Damage resulting from a breach of a duty and invasion of a right is a necessary element of a tort.

---

[3] This particular criminal defendant had business interests in both Mississippi and Louisiana and was unable to hire a Louisiana CPA to address the multitude of income tax and other accounting issues after his indictment due to his well-publicized legal woes.

[4] One such person was Sun Herald reporter Anita Lee, who works for a client of anticipated defendants' counsel Henry Laird.

3

> In addition to the elements of tort heretofore discussed, a third element requisite thereto is damage resulting from the breach of duty and invasion of right.
>
> The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam (sic ) jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court. 252 So.2d at 216.

> While in Smith the entire injury accrued in Mississippi, although the allegedly defective machine was manufactured elsewhere, we nevertheless feel that Smith indicates an intention by the Mississippi Supreme Court to read broadly the "in part" language of Mississippi's long-arm statute.

While anticipated defendants spend remainder of their memorandum in support of their motion to dismiss constructing straw man arguments citing contract cases which clearly do not apply to the tort of defamation for purposes of Mississippi's long arm statute, *Edwards* clearly shows the courts in Mississippi have jurisdiction of this matter.

ANTICIPATED DEFENDANTS LEARY AND PERRET ADVANCED NO ARGUMENTS OR POINTS OF LAW IN SUPPORT OF THEIR CONCLUSION THE CASE SHOULD BE DISMISSED UNDER RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

5.

In fact, Plaintiff's claims are clearly elucidated per long standing Mississippi jurisprudence. In *Harris v Lewis*, 1998-CA-01005-COA , Mississippi Supreme Court Justice Diaz, writing for the court stated:

> Finally, in *Franklin v. Thompson*, 722 So. 2d 688, 692 (¶12 ) (Miss. 1998), the court stated:
>
>> To establish a claim for defamation, a plaintiff must prove the following elements:
>>
>> (1) a false and defamatory statement concerning plaintiff;
>>
>> (2) unprivileged publication to third party;
>>
>> (3) fault amounting at least to negligence on part of publisher;
>>
>> (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication.
>
> Moon v. Condere Corp., 690 So. 2d 1191, 1195 (Miss.1997)

4

In the instant case anticipated defendants published false and defamatory statements regarding plaintiff claiming as a statement of fact that he was a part of an organized crime conspiracy, such statements being made to multiple third parties with actual Malice in keeping with the name of the weblog which caused Plaintiff harm including to his professional reputation.

## THIS CASE SHIOULD BE REMANDED TO THE HANCOCK COUNTY CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THE RELIEF PLEAD

6.

This lawsuit was removed by anticipated defendants Leary and Perret from the court of proper jurisdiction, such removal premature as there is no way to know if the unanimity requirements of invoking diversity jurisdiction have been met as the identity of the person or persons behind the Randall Cajun moniker have not been identified to either Plaintiff or this court by Leary and Perret.

In fact, after Mssrs. Leary and Perret failed to make their Rule 26(a)(1)(a) disclosures which would have revealed their interest in this case sufficient to invoke the diversity jurisdiction of this honorable court, Plaintiff served discovery and requests for admissions seeking to ascertain the authorship of the identified defamatory material as well as the support for legal conclusions propounded in Leary and Perret's removal motions regarding the amount of damages Plaintiff was seeking.[5]

Defendants seek to have it both ways, invoking the jurisdiction of this honorable court without revealing their interest in the case. To be clear, a plain read of the Real-Malice weblog clearly indicates Mssrs. Leary and Perret have a role in the weblog but to the extent they have not admitted to authoring the defamatory material cited by Plaintiff and instead sought protective orders preventing such disclosure indicates they may not have an interest in this case at all or are protecting the real author, including persons to which they are closely connected such as Aaron Broussard, Shane Gates aka Shane D'Antoni, Daniel G. Abel, David Opperman, Eric Paulsen, Carl N. Finley and/or others unknown to Plaintiff at this time.

## CONCLUSION

The Mississippi courts clearly have personal jurisdiction over defendants as they committed substantial portions of their tortious acts within Mississippi as defined in Mississippi's long arm statute and related jurisprudence. Additionally, Plaintiff has clearly elucidated several claims under which relief may be granted. For these reasons defendants motion to dismiss for lack of

---

[5] Plaintiff is still developing the calculation of his damages and has made no public statement regarding their amount contrary to Mssrs. Leary and Perret's assertions. That said, Plaintiff, a licensed CPA in public practice that has been previously qualified an expert witness on such matters avers his damages are substantially under $75,000 under the most generous valuation methods commonly accepted by the courts based upon the information known at this time at this early stage of the litigation.

5

personal jurisdiction and for failure to state a claim under FRCP Rule 12(b)(6) should be denied, anticipated defendants Leary and Perret brief disregarded as irrelevant to the subject matter at hand and this case be remanded to the Hancock County Circuit Court for proceedings consistent with the relief plead.

Respectfully submitted

_____

Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing motion to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Henry Laird, Jones Walker
2510 14tth Street, Suite 1125
Gulfport, MS 39501
Attorney for Trout Point Lodge Limited,
Charles Leary and Vaughn Perret

_____
Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com