IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                        Civil Action No.1:13cv254-HSO-RHW

JOHN DOE(S) AKA "RANDALL CAJUN"

**MOTION TO REMAND AND
MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, Douglas Handshoe, hereby files this Motion to Remand pursuant to 28 U.S.C. § 1447 and as grounds states:

1.

Plaintiff commenced this action in the Circuit Court of the Hancock County Second Mississippi Judicial District seeking pre-petition discovery under Mississippi Civil Procedure Rule 26 in order to properly style a defamation action.

2.

Charles Leary and Vaughn Perret, via counsel, improperly removed this action on June 12, 2013 invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3.

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.[1] In assessing the propriety of removal, the related jurisprudence is guided by principles grounded in notions of comity and the recognition that federal courts are

---

[1] 28 U.S.C. § 1441(a)

1

courts of limited jurisdiction thus the removal statutes should be strictly construed. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). Additionally, "The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Post-removal affidavits may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal. Id."[2]

4.

In the instant case, however, Plaintiff filed his action in Mississippi state court. There, procedural rules require plaintiff to plead a specific amount of money damages in the petition only for special damages. See Mississippi Code of Civil Procedure 9(g). General damages are not required to be specifically pleaded. Plaintiff requested no special damages in his petition. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." Id.

5.

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the

---

[2] Handshoe v Broussard, MSSD Case No: 13cv251, Document 38, Order of the Honorable Judge Guirola

Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. See *Gebbia*, 233 F.3d at 883; *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.*, No. 06–7624, 2007 WL 97062, *2 (E.D.La.2007); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04–1632, 2005 WL 1038072, *4, n. 10 (E.D.La.2005). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

6.

In the instant case Mssrs. Leary or Perret provided no evidence supporting their claim that potential damages resulting from the torts alleged in the complaint for pre-petition discovery exceeded $74,999.99 nor is such discernible from a plain read of the complaint. Nor did Mssrs. Leary or Perret meet the unanimity requirements sufficient to establish the jurisdiction of this court as the parties that composed the defamatory publications in question are not yet known with certainty thus diversity of citizenship and related unanimity requirements invoking removal jurisdiction cannot be determined.

### THIS CASE SHIOULD BE REMANDED TO THE HANCOCK COUNTY CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THE RELIEF PLEAD

7.

Plaintiff avers he is still developing the calculation of general damages and no special damages were alleged in the original complaint. Plaintiff is in the process of engaging a professional

3

business valuator to assess damages to his investment in Slabbed New Media L.L.C., Douglas K. Handshoe, CPA and along with damages to his professional reputations as a Certified Public Accountant and Investigative Journalist that result from the defamatory publications. To the best of Plaintiff's knowledge and belief as a financial expert, these damages will not exceed $74,999.99 exclusive of costs and interest and did not exceed $74,999.99 at the time of removal.

8.

Out of abundance of caution and in accordance with *Gebbia*, 233 F.3d at 883, attached hereto is affidavit of Douglas Handshoe that specifically renounces any damages awarded in excess of $74,999.99 exclusive of costs and interest, that result from the torts pleaded in his original complaint for pre-petition discovery dated May 17, 2013, that are subsequently adjudicated in the Circuit Court of Hancock County, Second Mississippi Judicial District.

## CONCLUSION

This case should be remanded to the Hancock County Circuit Court for proceedings consistent with the relief plead.

Respectfully submitted

Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing motion and affidavit to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Henry Laird, Jones Walker
2510 14tth Street, Suite 1125
Gulfport, MS 39501
Attorney for Trout Point Lodge Limited,
Charles Leary and Vaughn Perret

_____
Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com