IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.  Civil Action No.1:13cv254-HSO-RHW

JOHN DOE(S) AKA "RANDALL CAJUN"

**OPPOSITION TO DEFENSE MOTION FOR ADDITIONAL
TIME TO RESPOND TO MOTION TO REMAND**

Plaintiff, Douglas Handshoe, hereby files this opposition to Leary and Perret's request for additional time to respond to Motion to remand and as grounds states:

1.

Plaintiff commenced this action in the Circuit Court of the Hancock County Second Mississippi Judicial District seeking pre-petition discovery under Mississippi Civil Procedure Rule 26 in order to properly style a defamation action.

2.

Charles Leary and Vaughn Perret, via counsel, improperly removed this action on June 12, 2013 invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3.

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.[1] In assessing the propriety of removal, the related jurisprudence is guided by principles grounded in notions of comity and the recognition that federal courts are

---
[1] 28 U.S.C. § 1441(a)

1

courts of limited jurisdiction thus the removal statutes should be strictly construed. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). Additionally, "The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

4.

In the instant case Mssrs. Leary or Perret provided no evidence supporting their claim that potential damages resulting from the torts alleged in the complaint for pre-petition discovery exceeded $74,999.99 nor is such discernible from a plain read of the complaint. Additionally Mssrs. Leary or Perret have not met the unanimity requirements sufficient to establish the jurisdiction of this court as the parties that composed the defamatory publications in question are not yet known with certainty thus diversity of citizenship and related unanimity requirements invoking removal jurisdiction cannot be determined.

## LEARY AND PERRET'S ASSERTIONS REGARDING THE NEED FOR REMAND RELATED DISCOVERY ARE FARCICAL

5.

Plaintiff swore an affidavit renouncing any and all damages over $74,999.99 that arises from the defamatory posts therefore there are no undisputed issues regarding the amount of damages subject to the jurisdiction of this honorable court. Additionally, Leary and Perret on July 25, 2013, filed for a protective order with this honorable court precisely to prevent Plaintiff the exact kind of discovery they now request.

6.

Plaintiff avers that any further delays in unmasking the "anonymous cowards"[2] posting as Randall Cajun that defames Plaintiff and others[3] serves only to increase the damages he suffers from the false and misleading publications. Plaintiff notes that Leary and Perret have not revealed their interest in this case sufficient to support their removal of this action, nor to merit discovery in the related remand motion.

## CONCLUSION

This case should be remanded to the Hancock County Circuit Court for proceedings consistent with the relief plead.

Respectfully submitted This 30th August, 2013

Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com

---

[2] A term Mssrs. Leary, Perret and Daniel Abel frequently use in the multitude of defamation suits in Louisiana and Canada they have filed against Plaintiff and other local media outlets such as Louisiana Media Company and the Times Picayune.

[3] Most notably Anne Marie Vandenweghe, the widely acknowledged whistleblower of the notoriously corrupt tenure of Aaron Broussard as President of the Parish of Jefferson Louisiana.

3

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing motion and affidavit to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Henry Laird, Jones Walker
2510 14tth Street, Suite 1125
Gulfport, MS 39501
Attorney for Trout Point Lodge Limited,
Charles Leary and Vaughn Perret

Submitted This 30th day of August 2013

_____
Plaintiff, Propria Persona
Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
(228) 284-0004
earning04@gmail.com