IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                             **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO: 1:13CV254 HSO-RHW**

**JOHN DOE(S) AKA "RANDALL CAJUN"**                          **DEFENDANTS**

**MEMORANDUM OF CHARLES LEARY AND VAUGHAN PERRET
IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND
MEMORANDUM OF LAW IN SUPPORT**

Plaintiff filed his *pro se* "Complaint for Pre Petition Discovery" on May 17, 2012 in the Circuit Court of Hancock County, Mississippi, Second Judicial District. There is no such Second Judicial District.

On June 4, 2013, without naming them as Defendants, Plaintiff nonetheless personally served Summons and Complaint on Charles Leary ("Leary") and Vaughan Perret (Perret") where they reside in Nova Scotia, Canada.

On June 6, 2013, Leary and Perret filed their Motion to Dismiss [Docket No: 2] and on July 17, 2013 filed their Brief in Support of their Motion to Dismiss[1] for lack of personal jurisdiction [Docket No. 7]. The Motion is pending.

In his *pro se* Complaint, Plaintiff alleges:

- Trout Point Lodge filed numerous Strategic Lawsuits against Public Participation, (SLAPP suits) from Nova Scotia Canada against several Metro New Orleans media outlets including the Times Picayune, Louisiana Media Company (Fox 8) and plaintiff in a practice known as libel tourism. Slabbed New Media, publishing court documents from the lawsuit filed by the Lodge and two of its

---

[1] Leary and Perret do not waive any arguments in that motion by filing the instant brief.

owners against Fox 8 in Yarmouth Nova Scotia revealed what prosecutors from the United States would later term evidence of other crimes under FRE Rule 404b. After publication of these court documents, plaintiff was contacted by agents of the Federal Bureau of Investigation seeking additional information obtained by Slabbed New Media from the Fox 8 case filed in Canada. The Lodge is owned by several local businessmen that were politically connected to Aaron Broussard, himself currently serving a 46 month sentence at the Federal Correctional Complex in Butner North Carolina.

- 8. On February 4, 2013 Randall Cajun posted "Handshoe, Goodson, Bankston, Vandenweghe, Lauricella: maybe Handshoe has been projecting his own life experiences onto others". It is attached as Exhibit C. It is replete with implications Plaintiff was target of a major 1990's criminal investigation in a personal capacity complete "with family links to the mafia". These statements are defamatory per se.

- 9. The post contains several factual inaccuracies including the misstatement of the date plaintiff 'joined Slidell Motel" in an effort to paint plaintiff as a member of an organized crime conspiracy.

- 10. Randall Cajun again posted I was an officer of companies prior to the criminal prosecution referred to in paragraphs 8 and 9 above. This misstatement of the date that I joined the subject company an officer is a clear attempt to impart, via false assertions, that Plaintiff was a member of a corrupt organization.

- 14. By publishing these posts to a public website www.real-malice.ca and promoting their existence in the local blogosphere defendant published or caused to be published statements to numerous third parties.

- 15. The posts, especially those referenced in paragraph s 8 through 10 in this complaint above were and remain false, defamatory and libelous published with reckless disregard for the truth in keeping with the name of the weblog.

- 16. The posts, especially those referenced in paragraphs 8 through 10 in this complaint contain statements of fact, not opinion, that plaintiff has engaged in dishonest, unethical and illegal conduct and are defamatory per se.

- 17. The posts, especially those referenced in paragraphs 8 through 10 in this complaint were and remain of a character that would tend to harm Plaintiff's reputation, lowered his status in the eyes of his community and clientele deterring others from associating and dealing with him and have otherwise exposed him to contempt.

- 18. As a proximate cause of the defendant's publication of the defamatory statements listed in paragraph 8 through 10 of this complaint Plaintiff has suffered loss to his trade, business and reputation.

There are two ways the Court can determine whether the amount in controversy requirement of 28 U.S.C. § 1332 is met. "First, removal is proper if it is *facially apparent* from the complaint that the claims are likely to be above $75,000." *Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) citing with approval *Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1335 (5th Cir. 1995).

Secondly, removal may be proper even when the amount in controversy is not *facially* apparent. *Id.* The Court can exercise "common sense" to determine whether the jurisdictional amount is met. Due to the vagueness of Plaintiff's *pro se* Complaint, the Court should use this approach.

While Plaintiff did not specifically plead punitive damages in his *pro se* Complaint, he is not required to do so in order to recover them. *Schexnayder v. Bonfiglio,* 167 Fed.Appx. 364, 2006 WL 25963 (C.A.5 (La.). The Plaintiff appears to claim he is entitled to punitive damages since he is alleging intentional torts. In using the common sense approach, the Court could determine that Plaintiff alleges damages exceeding $75,000.00.

His Complaint becomes even harder to follow when one reads paragraphs 19, 20, and 21, which seem not to request money damages, but merely injunctive relief. If Plaintiff is seeking only injunctive relief, the Court, in using the common sense approach, must look to the value of that relief in determining whether the diversity threshold of $75,000.00 is met. *Baker Pistol Ridge Partnership v. Par Minerals Corp.,* 2011 WL 3471095, *2 (S.D. Miss.).

The amount in controversy and even the nature of Plaintiff's claims becomes ever more murky when one reads Plaintiff's Affidavit attached to his Motion to Remand and Memorandum of Law in Support [Docket No. 12]. In his Affidavit, he "rejects and renounces all general and/or special damages in excess of $74,999.99". Because of the now hopeless confusion about the

nature of Plaintiff's claims, including claims for injunctive relief, as well as the amount of damages he is seeking, because of the impossibility of his ever being able to state any claim for relief, particularly any claim under Mississippi Rule of Civil Procedure 26 or 27, and because he now swears that he will never collect or attempt to collect any amount in excess of $74,999.99, Leary and Perret consent to the case being remanded to Hancock County Circuit Court.

If Plaintiff does not follow through as he swears in his Affidavit, if he ever pleads clearly enough that the amount in controversy exceeds $75,000.00, or if he ever pleads a federal question, then Leary and Perret will again remove the case to this Court and seek sanctions for violating his sworn Affidavit.

In conclusion, in light of the confused state of the allegations and claims in Plaintiff's Complaint, and in light of his now swearing that he "rejects and renounces all general and/or special damages in excess of $74,999.99", Leary and Perret consent to Plaintiff's case being remanded to the Circuit Court of Hancock County, Mississippi.  If the Court does remand the case, Leary and Perret respectfully urge it find in its order that in no event will Mr. Handshoe ever be able to seek or collect money damages exceeding $74,999.99.

RESPECTFULLY SUBMITTED this the 6th day of September, 2013.

                                                  CHARLES LEARY and VAUGHAN PERRET

By:    s/ Henry Laird
           Henry Laird, MS Bar No. 1774

## CERTIFICATE OF SERVICE

I, Henry Laird, of the law firm of Jones Walker LLP do hereby certify that I have sent a true and correct copy of the foregoing Memorandum in Response to Plaintiff's Motion to Remand by using the ECF system to the following:

Douglas Handshoe<br>
214 Corinth Drive<br>
Bay St. Louis, Mississippi  39520<br>
VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

This the 6th day of September, 2013.

    s/  Henry Laird
    Henry Laird

Henry Laird (MSB No. 1774)
Email:  hlaird@joneswalker.com
JONES WALKER LLP
2510 14th Street, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS  39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516