

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**SEP -9 2013**

J T NOBLIN CLERK
BY_____ DEPUTY

**DOUGLAS HANDSHOE**                                                                 **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO: 1:13CV254 HSO-RHW**

**JOHN DOE(S) AKA "RANDALL CAJUN"**                                     **DEFENDANTS**


**RESPONSE & BRIEF OF NON-NAMED PARTY DANIEL G. ABEL**
**AS TO PLAINTIFF'S MOTION TO REMAND AND**
**MEMORANDUM OF LAW IN SUPPORT**


Daniel G. Abel is not named as a defendant in the above captioned matter but was served with a copy of the summons and complaint as though he were. Abel is domiciled in the State of Louisiana and Parish of Jefferson in the greater metropolitan area of New Orleans.

Being cautious non-party Daniel Abel filed a response with the Honorable Court and challenged the procedure which Handshoe fabricated to allege jurisdiction or venue or all other actions which might give rise to standing for a non-named party.

Co-defendants and their counsel also filed a motion to dismiss which is pending before the Honorable Court. Although Abel is not "Randall Cajun" nor does he know any "Randall Cajun" he has read the pro se complaint of Douglas Handshoe and believes that the statements and summary of the original complaint made by counsel Henry Laird are accurate.

In his *pro se* Complaint, Plaintiff alleges:

- Trout Point Lodge filed numerous Strategic Lawsuits against Public Participation, (SLAPP suits) from Nova Scotia Canada against several Metro New Orleans media outlets including the Times Picayune, Louisiana Media Company (Fox 8) and plaintiff in a practice known as libel tourism. Slabbed New Media, publishing court documents from the lawsuit filed by the Lodge and two of its owners against Fox 8 in Yarmouth Nova Scotia revealed what prosecutors from the United States would later term evidence of other crimes under FRE Rule 404b. After publication of these court documents, plaintiff was contacted by

agents of the Federal Bureau of Investigation seeking additional information obtained by Slabbed New Media from the Fox 8 case filed in Canada. The Lodge is owned by several local businessmen that were politically connected to Aaron Broussard, himself currently serving a 46 month sentence at the Federal Correctional Complex in Butner North Carolina.

- 8.      On February 4, 2013 Randall Cajun posted "Handshoe, Goodson, Bankston, Vandenweghe, Lauricella: maybe Handshoe has been projecting his own life experiences onto others". It is attached as Exhibit C. It is replete with implications Plaintiff was target of a major 1990's criminal investigation in a personal capacity complete "with family links to the mafia". These statements are defamatory per se.

- 9.      The post contains several factual inaccuracies including the misstatement of the date plaintiff 'joined Slidell Motel" in an effort to paint plaintiff as a member of an organized crime conspiracy.

- 10.     Randall Cajun again posted I was an officer of companies prior to the criminal prosecution referred to in paragraphs 8 and 9 above. This misstatement of the date that I joined the subject company an officer is a clear attempt to impart, via false assertions, that Plaintiff was a member of a corrupt organization.

- 14.     By publishing these posts to a public website www.real-malice.ca and promoting their existence in the local blogosphere defendant published or caused to be published statements to numerous third parties.

- 15.     The posts, especially those referenced in paragraph s 8 through 10 in this complaint above were and remain false, defamatory and libelous published with reckless disregard for the truth in keeping with the name of the weblog.

- 16.     The posts, especially those referenced in paragraphs 8 through 10 in this complaint contain statements of fact, not opinion, that plaintiff has engaged in dishonest, unethical and illegal conduct and are defamatory per se.

- 17.     The posts, especially those referenced in paragraphs 8 through 10 in this complaint were and remain of a character that would tend to harm Plaintiff's reputation, lowered his status in the eyes of his community and clientele deterring others from associating and dealing with him and have otherwise exposed him to contempt.

- 18.     As a proximate cause of the defendant's publication of the defamatory statements listed in paragraph 8 through 10 of this complaint Plaintiff has suffered loss to his trade, business and reputation.


Abel concurs with Counsel Laird's argument, adopts and re-urges those arguments and statements of fact as well.

There are two ways the Court can determine whether the amount in controversy requirement of 28 U.S.C. § 1332 is met. "First, removal is proper if it is *facially apparent* from the complaint that the claims are likely to be above $75,000." *Randle v. Smithkline Beecham Corp.,* 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) citing with approval *Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1335 (5th Cir. 1995).

Secondly, removal may be proper even when the amount in controversy is not *facially* apparent. *Id.* The Court can exercise "common sense" to determine whether the jurisdictional amount is met. Due to the vagueness of Plaintiff's *pro se* Complaint, the Court should use this approach.

While Plaintiff did not specifically plead punitive damages in his *pro se* Complaint, he is not required to do so in order to recover them. *Schexnayder v. Bonfiglio,* 167 Fed.Appx. 364, 2006 WL 25963 (C.A.5 (La.). The Plaintiff appears to claim he is entitled to punitive damages since he is alleging intentional torts. In using the common sense approach, the Court could determine that Plaintiff alleges damages exceeding $75,000.00.

His Complaint becomes even harder to follow when one reads paragraphs 19, 20, and 21, which seem not to request money damages, but merely injunctive relief. If Plaintiff is seeking only injunctive relief, the Court, in using the common sense approach, must look to the value of that relief in determining whether the diversity threshold of $75,000.00 is met. *Baker Pistol Ridge Partnership v. Par Minerals Corp.,* 2011 WL 3471095, *2 (S.D. Miss.).

The amount in controversy and even the nature of Plaintiff's claims becomes ever more murky when one reads Plaintiff's Affidavit attached to his Motion to Remand and Memorandum of Law in Support [Docket No. 12]. In his Affidavit, he "rejects and renounces all general and/or special damages in excess of $74,999.99". Because of the now hopeless confusion about the nature of Plaintiff's claims, including claims for injunctive relief, as well as the amount of damages he is

seeking, because of the impossibility of his ever being able to state any claim for relief, particularly any claim under Mississippi Rule of Civil Procedure 26 or 27, and because he now swears that he will never collect or attempt to collect any amount in excess of $74,999.99, Leary and Perret consent to the case being remanded to Hancock County Circuit Court.

If Plaintiff does not follow through as he swears in his Affidavit, if he ever pleads clearly enough that the amount in controversy exceeds $75,000.00, or if he ever pleads a federal question, then Leary and Perret [and Abel] will again remove the case to this Court and seek sanctions for violating his sworn Affidavit.

Abel also joins and re-urges argument that: In conclusion, in light of the confused state of the allegations and claims in Plaintiff's Complaint, and in light of his now swearing that he "rejects and renounces all general and/or special damages in excess of $74,999.99", Leary and Perret [and Abel] consent to Plaintiff's case being remanded to the Circuit Court of Hancock County, Mississippi.  If the Court does remand the case, Leary and Perret [and Abel] respectfully urge it find in its order that in no event will Mr. Handshoe ever be able to seek or collect money damages exceeding $74,999.99.


RESPECTFULLY SUBMITTED this the 6 September  2013.

By:    s/ Daniel G. Abel

Pro Se / LSB # 8348


**Daniel G. Abel**
    **LSB # 8348**
    **2421 Clearview Parkway**
    **Legal Deparment – Suite 106**
    **Metairie, LA 70001**

**Telephone: 504.298.9610**
**Facsimile: 888.577.8815**
**Direct email: danielpatrickegan@gmail.com**

**CERTIFICATE OF SERVICE**


I, Daniel G. Abel, do hereby certify that I have sent a true and correct copy of the foregoing **BRIEF OF NON-PARTY DANIEL G. ABEL,** by United States Mail to Douglas Handshoe and by electronic transmission to all others named herein:

Douglas Handshoe

214 Corinth Drive

Bay St. Louis, Mississippi  39520

VIA UNITED STATES MAIL AND EMAIL:  earning04@gmail.com

Henry Laird

Jones Walker,

Email: ldavis@joneswalker.com

This the 6th day of September, 2013.

s/ Daniel G. Abel

Daniel G. Abel, LSB #8348