IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **V.** | § | **Civil No. 1:13CV254-HSO-RHW** |
| | § | |
| | § | |
| **JOHN DOE(S)** | § | |
| **AKA "RANDALL CAJUN"** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

BEFORE THE COURT is Plaintiff Douglas Handshoe's Motion to Remand [12]. Charles Leary, Vaughn Perret, and Daniel G. Abel have filed Responses [18], [19], in opposition to remand. The Court, having considered the pleadings on file and relevant legal authorities, finds that Plaintiff's Motion to Remand [12] should be granted and that this matter should be remanded to state court.

I. BACKGROUND

On or about March 17, 2013, Plaintiff Douglas Handshoe ["Plaintiff" or "Handshoe"] filed a "Complaint for Pre-Petition Discovery" in the Circuit Court of Hancock County, Mississippi, Second Judicial District. Compl. [1-2] at 5. The Complaint seeks pre-suit discovery in order to discover and confirm the identity of the person or persons using the "internet handle" "Randall Cajun." *Id.* Plaintiff anticipates filing a defamation claim against this person or these persons for "a series of defamatory blog posts about plaintiff and other individuals that comment on Plaintiff's website . . . ." *Id.* at 1–4.

-1-

On June 12, 2013, Charles Leary ["Leary"] and Vaughn Perret ["Perret"] removed the case to this Court, ostensibly invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1. While not named as Defendants in the state court action, Leary and Perret state that a summons and Complaint were served upon them on June 4, 2013, as if they were named Defendants. *Id.* at 1–2. Leary and Perret also aver that they "believe they are intended to be named Defendants." *Id.* at 2. They maintain in their Notice of Removal [1] that complete diversity of citizenship exists and that the amount in controversy was satisfied at the time of removal. *Id.* at 2–3. Plaintiff now seeks remand to state court.

## II. DISCUSSION

A. Removal and Subject Matter Jurisdiction

28 U.S.C. § 1441 provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). "Because removal raises significant

federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). The party or parties seeking to remove, Leary and Perret in this case, bear the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

B.   Whether the Amount in Controversy is Sufficient to Confer Jurisdiction

In the Notice of Removal [1], Leary and Perret aver that even though Plaintiff does not specify an amount of monetary damages in his Complaint, the amount is controversy is satisfied. Notice of Removal [1] at 2–3. According to Leary and Perret, "[t]he nature of Plaintiff's claims and statements he has made in pleadings in other cases and over the internet indicate that" he has allegedly suffered damages in an amount exceeding $75,000.00 exclusive of interest and costs. *Id.*

Plaintiff maintains that Leary and Perret have not supplied any evidence or met their burden of establishing that the amount in controversy is satisfied. Pl.'s Mem. [13] at 3. Plaintiff states that "[t]o the best of Plaintiff's knowledge and belief as a financial expert, these damages will not exceed $74,999.99 exclusive of costs and interest and did not exceed $74,999.99 at the time of removal." *Id.* at 4. Plaintiff has also supplied an Affidavit with his Motion [12] which states under penalty of perjury that

> Plaintiff Douglas Handshoe hereby rejects and renounces all general and/or special damages in excess of $74,999.99, exclusive of justly

-3-

> awarded costs and interest provided by law, which derive and/or result from the torts alleged in Plaintiff's complaint for pre-petition discovery dated May 17, 2013 as adjudicated by the Circuit Court of Hancock County, Second Mississippi [sic] Judicial District.

Aff. of Douglas Handshoe [12-1] at 1.

Based upon the record before it, the Court cannot find by a preponderance of the evidence that the amount in controversy has been satisfied. *See* 28 U.S.C. § 1446(c)(2). Moreover, based upon Plaintiff's Affidavit [12-1], Defendants have now consented to remand. Leary and Perret's Resp. [18] at 4; Abel's Mem. [20] at 4.

### III. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Remand [12] should be granted, and this matter should be remanded to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff Douglas Handshoe's Motion to Remand [12] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the above-captioned cause is hereby remanded to the Circuit Court of Hancock County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED** this the 5th day of November, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE